**O / JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN C. ROE, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CITIMORTGAGE, INC., et al. <br><br> Defendants. | CASE NO. ED CV 11-00595 ODW (DTBx) <br><br> Order **GRANTING** Plaintiff's Motion to Remand [19] [Filed 05/27/11] and **VACATING** Hearing Thereon <br><br> Order **FINDING AS MOOT** Defendants' Motions to Dismiss [16, 21] [Filed 05/26/11, 05/31/11] |

## I. INTRODUCTION

Pending before the Court is Plaintiffs John C. Roe and Kathleen A. Roe (collectively, "Plaintiffs") Motion to Remand for lack of subject matter jurisdiction. (Dkt. No. 19.) Defendant Resi Whole Loan IV LLC ("Defendant" or "Resi")[1] filed an Opposition on June 6, 2011, to which Plaintiffs filed a Reply on June 17, 2011. (Dkt. Nos. 22, 23.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See*

---

[1] While the Complaint names three additional defendants, Resi contends that none of these additional defendants were served with the Summons and Complaint. (Not. of Removal ¶ 3.) Defendants CitiMortgage, Inc. and CR Title Services, however, were apparently served as they have filed a joint Motion to Dismiss currently pending before this Court. (Dkt. No. 16.) Neither CitiMortgage, Inc. nor CR Title Services filed an opposition to the instant Motion. Consequently, to the extent the Court refers to "Defendant" in the instant Order, the Court refers to Resi.

1

Fed. R. Civ. P. 78; L.R. 7-15. Thus, the June 27, 2011 hearing on this matter is hereby **VACATED** and no appearances are necessary. For the following reasons, Plaintiffs' Motion to Remand is **GRANTED**.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Any doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). There is a "strong presumption" against removal jurisdiction, which means that the moving party has the burden of establishing that removal was proper. *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

On April 14, 2011, Resi removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C.§ 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between – (1) citizens of different States[.]" It is well-settled that complete diversity of citizenship is required, such that all Plaintiffs must be diverse from all Defendants. *See, e.g.*, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Moreover, diversity must be determined for all defendants named in the complaint, regardless of whether they have been served. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1166 (9th Cir. 1969) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)).

For diversity purposes, a natural person is deemed a "citizen" of the state in which he or she is domiciled. *See, e.g.*, *Amerault v. Intelcom Support Servs., Inc.*, 16 Fed. Appx. 724, 725 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation, however, is deemed a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C.

§ 1332(c)(1). A corporation's principal place of business is its "nerve center" – the location where "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Typically, this is the location of a corporation's headquarters. *Id.* In contrast, a partnership or limited liability company is deemed a citizen of every state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, it is undisputed that both Plaintiffs are domiciled in California and are therefore citizens of California. Plaintiffs' original Complaint[2] names four defendants: (1) Resi Whole Loan IV, LLC, (2) CitiMortgage, Inc. ("Citi"), (3) Litton Loan Servicing, LP ("Litton"), and (4) CR Title Services, Inc ("CR Title"). (Dkt. No. 1, Exh. A.) Defendant, however, fails to establish the citizenship of Resi and of Litton. Consequently, Defendant fails to show that there is complete diversity of citizenship between the parties.

Specifically, Defendant's Notice of Removal asserts that Resi is a limited liability company "incorporated" in the State of Texas and that Litton is a limited partnership organized under the laws of the State of Delaware with a home office in Houston, Texas. (Not. of Removal ¶ 11.) Resi's state of "incorporation" and the location of Litton's home office, however, are irrelevant. Rather, to establish complete diversity, Defendant is required to show that the citizenship of every owner or member of both Resi and Litton is diverse from Plaintiffs. *See Johnson*, 437 F.3d at 899. Because Defendant's Notice of Removal fails to set forth these facts, Defendant fails to establish complete diversity of citizenship.

Moreover, in its Opposition to Plaintiff's Motion to Remand, Defendant had an additional opportunity to present the Court with evidence of the citizenship of the members and/or owners of Resi and Litton. Defendant, however, utterly failed to do so. Rather, as to Resi, Defendant simply contends that "because Plaintiffs themselves admit that RESI's citizenship is diverse from Plaintiffs, the Court should disregard Plaintiff's

---

[2] Because diversity must exist both at the time the action was commenced in state court and at the time of removal, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002), the Court looks to Plaintiffs' original Complaint, rather than their May 3, 2011 First Amended Complaint, which was filed after removal.

argument." (Opp'n at 8.) While Plaintiffs' Complaint states that Resi was incorporated in Texas, as the Court previously indicated, Resi's state of "incorporation" is irrelevant to the present inquiry. Indeed, Defendant simply ignores the fact that it, not Plaintiffs, carries the burden of satisfying removal jurisdiction. As to Litton, in conjunction with its Opposition, Defendant submits several exhibits, one of which states that Litton has a registered agent for service of process in Delaware. (*See* Opp'n, Exh. 2.) The location of Litton's registered agent, however, is irrelevant in determining Litton's citizenship.

In sum, Defendant's unsupported allegations that complete diversity exists do not overcome the strong presumption against removal jurisdiction nor do they satisfy Defendant's burden of setting forth in the removal petition the underlying facts supporting the existence of jurisdiction.

## IV. CONCLUSION

"Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090. Accordingly, because there are doubts as to the citizenship of the defendants and Defendant has not carried its burden to resolve these doubts, Plaintiff's Motion to Remand is **GRANTED**. The Clerk of the Court shall remand this case to the Riverside County Superior Court. Additionally, because the case has been remanded, the two pending Motions to Dismiss are hereby **FOUND AS MOOT**.

**IT IS SO ORDERED.**

June 22, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE